# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
THORCO SHIPPING A/S

## DEFENDANTS
RAVEN OFFSHORE YACHT SHIPPING LLP

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BLANK ROME LLP
600 New Hampshire Ave NW, Washington, DC 20037
(202) 772-5800

ATTORNEYS (IF KNOWN)

Frilot LLC
1100 Poydras St #3700, New Orleans, LA 70163
(504) 599-8000

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☒ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
MARITIME ATTACHMENT IN SUPPORT OF CLAIM FOR BREACH OF MARITIME CONTRACT

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $229,191.53   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/09/2015   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THORCO SHIPPING A/S,<br>Tuborg Parkvej 10, DK-2900<br>Hellerup, Denmark<br><br>                    Plaintiff,<br><br>        -against-<br><br>RAVEN OFFSHORE YACHT<br>SHIPPING LLP,<br>2288 W. Commodore Way, Suite 205<br>Seattle, Washington 98119<br><br>                    Defendant. | Civ. _____ |

**VERIFIED COMPLAINT**

Plaintiff, THORCO SHIPPING A/S ("Plaintiff"), by its attorney Blank Rome LLP, complaining of the above-named Defendant, RAVEN OFFSHORE YACHT SHIPPING LLP ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with its registered office at Tuborg Parkvej 10, DK-2900 Hellerup, Denmark.

3. At all material times, Defendant was and is a United States domestic corporation with its registered office at 2288 W. Commodore Way, Suite 205, Seattle, WA 98119, and with no office or place of business within this judicial district.

4. By a charter party dated September 1, 2015 (the "Charter"), Plaintiff voyage-chartered the M/V THORCO ISADORA (the "Vessel"), a foreign flag ocean-going cargo vessel, to Defendant. See Charter Party attached hereto as Exhibit "1."

5. Under the terms of the Charter, Plaintiff is required to carry motor and sailing yachts within pre-determined ports, in exchange for a lump sum freight in the amount of $535,000. Demurrage was agreed at $11,000 per day pro rata.

6. On or about October 5, 2015, Defendant instructed Plaintiff to load a tug boat, the USS HOGA, onboard the Vessel in Ensenada, Mexico, to be discharged in New Orleans, LA. However, Defendant never disclosed to Plaintiff the fact that the USS HOGA had been previously towed from San Diego to Ensenada, and was therefore considered to be cargo in transit from San Diego to New Orleans, LA within the meaning of 46 U.S.C. § 55102 (the "Jones Act"), which restricts coastwise transportation of cargo between U.S. ports by foreign flagged vessels. This exposed Plaintiff to both penalties under the Jones Act and vessel detention primarily in US ports.

7. During the course of discharge in New Orleans, the Vessel was subject to detention resulting from the inability to discharge the USS HOGA without being in breach of the Jones Act. Plaintiff attempted to resolve this matter with Defendant, receivers and U.S. Customs and Border Patrol but was unable to do so. Therefore, the Vessel sailed to Houston to load another cargo where the USS HOGA was eventually discharged. This incident and other detentions incurred by the Vessel in other discharge ports resulted in demurrage charges in the amount of $141,097.92. *See* Statement of Account for Vessel attached hereto as Exhibit "2."

8. Plaintiff performed all obligations required of it under the terms of the Charter, but Defendant, wrongfully and in breach of its obligations, failed to pay outstanding demurrage in the sum of $141,097.92, which remains unpaid, despite due demand.

9.  The Charter provided for the application of English law and London arbitration. Plaintiff has demanded arbitration. *See* Demand Letter attached hereto as Exhibit "3." This action is expressly filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 8, without prejudice to arbitrating the merits of this dispute in London.

## COUNT I
## RULE B RELIEF

10. Plaintiff repeats paragraphs 1 through 9 as if fully set forth herein.

11. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims, including interest and its English attorneys' fees and arbitrators' fees, which are routinely awarded in London arbitration, and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

12. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $109,663.89 |
| B. | Interest on principal claim for 3 years at prime rate average of 5.5% per annum compounded quarterly | $19,527.64 |
| C. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $100,000.00 |
| | **TOTAL:** | **$229,191.53** |

13. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District.

3

14. Plaintiff's belief that Defendant's property may be found in this District is based on the fact that Defendant has previously made payments to Plaintiff in U.S. dollars from a bank account at Washington First Bank. *See* Wire Transfer Confirmation attached hereto as Exhibit "4." Furthermore, Defendant instructed the tug boat owner/consignee to pay freight to the same bank account at a branch located within this district. *See* Banking Information for Wire Transactions attached hereto as Exhibit "5." (Financial information has been redacted from these Exhibits).

**WHEREFORE, Plaintiff prays:**

a. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

b. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of **$316,222.96** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

c. That, following attachment, this matter be stayed pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

d. That Plaintiff may have such other, further and different relief as may be just and proper.

5

Dated: December 9, 2015

                                              *s/Alan M. Freeman*
Alan M. Freeman (DC Bar #454693)
BLANK ROME LLP
The Watergate
600 New Hampshire Avenue, NW
Washington, DC 20037
Tel: (202) 772-5800
Fax: (202) 572-8370
Email: Freeman@BlankRome.com
*Attorney for Plaintiff*

Of Counsel
Thomas H. Belknap, Jr.
Noe S. Hamra
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
T:  (212) 885-5000
E:  tbelknap@blankrome.com
E:  nhamra@blankrome.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| THORCO SHIPPING A/S, <br><br> Plaintiff, <br><br> -against- <br><br> RAVEN OFFSHORE YACHT SHIPPING LLP, <br><br> Defendant. |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Bardur Mortansson, declares under the penalty of perjury:

1. I am Head of Insurance & Claims at THORCO SHIPPING A/S, which is the Plaintiff in the above captioned contract dispute.

2. I have read the foregoing Verified Complaint and know the contents thereof and believe them to be true to the best of my personal knowledge, information, and belief.

3. The documents attached to the foregoing Verified Complaint as Exhibits 1-5 are true and correct copies of records maintained by THORCO SHIPPING A/S.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 9, 2015

Respectfully submitted,

**Bardur Mortansson**
Head of Insurance & Claims

PRINTED NAME:

- 1 -

617499.06523/101782854v.1